## Case No. 10,964.

### PENTLARGE v. BEESTON et al.

[15 Blatchf. 347; 4 Ban. & A. 23.] [1]

District Court, E. D. New York. Nov. 12, 1878.

PATENTS — PRACTICE IN EQUITY—AMENDMENT TO ANSWER—ESTOPPEL.

In a suit on a patent, in this court, by P. against B., a final decree was made by consent, adjudging the patent to be valid, and awarding $2,000 for infringement. B. had also, by an agreement in writing, acknowledged the validity of the patent and the novelty and utility of the invention. In a second suit, by P. against B., in this court, for infringement of the same patent, B., after answer. moved to amend the answer by denying the novelty and utility of the invention: *Held*, that the motion must be denied.

[This was a bill in equity by Rafael Pentlarge against William R. Beeston and Frederick Pentlarge for the infringement of reissued letters patent No. 5,937, granted plaintiff June 30, 1874, the original letters patent, No. 148,747, having been granted March 17, 1874.]

Preston Stevenson, for plaintiff.
Abbett & Fuller, for defendants.

BENEDICT, District Judge. This action is based upon a patent for an improvement in bungs, dated June 30th. 1874, reissue No. 5,937. The cause is at issue, and a preliminary injunction has been directed. The defendants now apply for leave to file a certain proposed amendment to their answer. The

application is addressed to the favor of the court, and it should be denied, among other reasons, for this, that, in a former action between these same parties [see Case No. 10,963] upon this same patent, in this court, by the consent of these defendants, a final decree was rendered, wherein the plaintiff's patent was adjudged to be valid, and the defendants adjudged liable to the plaintiff in the sum of $2,000, for infringing the same. No fraud, surprise or mistake is pretended in regard to that decree, and, in view of the long and heated controversy that has been had over this patent, between these same parties, it is not too much to say, that the idea of denying the novelty and utility of the invention described in the plaintiff's patent is an afterthought. Under the circumstances of this case, there would be no equity in granting to the defendants, at this stage, permission to alter their pleadings, so as to render it possible for them to force the plaintiff to take testimony upon an issue as to the novelty or utility of his invention. Moreover, by an agreement in writing, made between these same parties, on the 3d of January, 1878, in regard to this same patent, it was declared as follows: "The aforesaid parties of the second part, William R. Beeston and Frederick Pentlarge, admit and acknowledge the validity of the aforesaid original and reissued patents of the party of the first part, in every respect and feature thereof, and the validity of the title in and to the said patents, and in the invention described therein, in law and equity, of the said party of the first part, in every particular, as to originality and priority of invention, novelty and utility." This agreement is not disputed or its legality denied. Indeed, it is set up in the answer, and, further, the defendants, in their answer, aver, "that they do not now, by this answer, nor do they intend to, question, dispute, oppose or obstruct the validity of the reissued letters patent granted to the complainant, as aforesaid, or the title of the aforesaid complainant in and to the reissued letters patent, or in and to the invention described therein." Under such circumstances, the plaintiff is certainly entitled to ask that the defendants be denied the favor of amending their answer, for the purpose of inserting averments in direct conflict with the terms of their solemn agreement, and inconsistent with the answer as it now stands. The motion to amend is denied.

[NOTE. Subsequently the defendants applied for leave to file a supplemental bill for the purpose of setting aside the consent decree entered in the prior suit. The application was denied. Case No. 10,962. The case was again heard upon motion of the defendants to stay contempt proceedings instituted by the plaintiff against them. Motion allowed. 1 Fed. 862. At a still later date it was heard upon demurrer to bill and upon motion to strike plea from the files. Demurrer overruled. Motion not allowed. 19 Fed. 817. For another action involving the same patent, see Case No. 10,964a.]

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. reprinted in 4 Ban. & A. 23, and here compiled and republished by permission.]